**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA L. BEAVERS, | No. 12-35581 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01004-CL |
| v. | MEMORANDUM* |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted November 4, 2013
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

Donna L. Beavers appeals from the District Court's judgment affirming the

decision of the Commissioner of the Social Security Administration that she was

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Carolyn W. Colvin, Acting Commissioner, Social Security Administration, has
been substituted for her predecessor, Michael J. Astrue.

not disabled within the meaning of Title II of the Social Security Act, 42 U.S.C. §§ 401–34.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Beavers argues that the Administrative Law Judge ("ALJ") erred by rejecting the opinions of four physicians without providing "clear and convincing" reasons to reject their uncontroverted conclusions or "specific and legitimate" reasons to reject their controverted conclusions.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  The record, however, establishes that the ALJ provided sufficient reasons to reject each of these physicians' opinions.

Beavers also argues that the ALJ erred by failing to address expressly the opinions of Drs. Bowen Parsons, Charissa Rose, and Jonathan Birnkrant.  Given the ALJ's other findings, particularly his express determination that petitioner's testimony about her disability and her reporting to these physicians was not credible, any errors in declining explicitly to address those physicians' opinions is "'inconsequential to the ultimate nondisability determination' in the context of the record as a whole," and therefore harmless.  *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (citations omitted).

The judgment of the District Court is **AFFIRMED.**